**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**PROGRESSIVE GULF**
**INSURANCE COMPANY,**                                                                    **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:05CV39-P-B**

**TALLAHA LOGGERS, INC.,**
**CLIFTON E. LADD, JR., AND**
**M & M TRUCKING of Ashley County, LLC.,**                              **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

**BEFORE THE COURT** is Plaintiff Progressive Gulf Insurance Company's ("Progressive") unopposed motion [doc. 9] for default judgment. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for review and issuance of a report and recommendations. Having considered the motion, attached exhibits, the record and applicable law, I find and recommend as follows.

On February 14, 2005, Progressive filed this declaratory judgment action against the above named defendants. A summons was issued and a return of service was executed as to each of the defendants. Defendants have not answered the Complaint, and have made no filings with this Court. On June 15, 2005, Progressive filed a motion for Clerk's entry of default [doc. 10], and on June 16, 2005, the Clerk filed a Clerk's Entry of Default [doc. 11] against defendants, stating in pertinent part that they had failed to plead or otherwise defend the current suit against them.

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. If a party "against whom a judgment for affirmative relief is sought" fails to "plead or

otherwise defend" a case, and "that fact is made to appear by affidavit or otherwise, the clerk [of court] shall enter the party's default." FED.R.CIV.P. 55(a). Once a default is entered, "the party entitled to a judgment by default" may move the Court for entry of default judgment. FED.R.CIV.P. 55(b). A default judgment is normally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977).

In this case, the procedural requirements for default judgment have been satisfied. Thus, the Court must evaluate plaintiff's Complaint and satisfy itself that "[t]here [is] a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). That said, by virtue of its default, the defendants have admitted Progressive's well-pleaded allegations of fact. *Id. See also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Thus, only if Progressive's Complaint provides a sufficient basis for the relief it seeks can the Court grant default judgment and issue declaratory relief in its favor.

I find defendants have admitted all well-pleaded factual allegations in Progressive's Complaint as true. Those allegations establish: 1) there is no coverage under the subject Progressive insurance policy (attached to the Complaint as "Exhibit B") issued to Tallaha Loggers, Inc., to any of the defendants as a result of the automobile accident that occurred on July 10, 2004, because the 1984 Peterbilt truck driven by Clifton E. Ladd, Jr., was not listed as an insured vehicle on the policy; and 2) Progressive has no duty to defend or indemnify any of the defendants for damages arising from the accident giving rise to this action.

Therefore, it is recommended that the Court issue a declaratory judgment and that Progressive's motion for a default judgment [doc. 9] be granted.

2

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 10th day of March, 2006.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**